## 10043

### ABBOTT v. COLUMBIA MILLS CO.

#### (96 S. E. 556.)

1. APPEAL AND ERROR—PRESUMPTIONS FAVORING COURT BELOW—RULING AS TO COMPETENCY OF WITNESS.—Unless the record shows the contrary, the Supreme Court must assume the trial Court, and not the jury, decided a witness, objected to as insane, was not incompetent.

2. WITNESSES — COMPETENCY — INSANITY.—Fact that witness had been adjudged a lunatic did not incapacitate her. Witness is not excluded merely because a lunatic, but only if so under the influence of his malady as to be deprived of understanding necessary to remember events and give knowledge of right and wrong.

3. MASTER AND SERVANT—INJURIES TO SERVANT—QUESTION FOR JURY.— In a servant's action for injuries, the sufficiency of the evidence, there being enough to carry the case to the jury, on the question of the employer's negligence, was a question for the jury.

Before PRINCE, J., Richland, Fall term, 1917. Affirmed.

Action by Lillie Perry Abbott against the Columbia Mills Company. From a judgment for plaintiff, defendant appeals.

*Messrs. Archibald H. Davis, Wm. Elliott* and *Jas. H. Fowles,* for appellant. *Mr. Davis* submits: *That the mere fact that the machinery proves defective, and that an injury results therefrom, does not fix the master's liability, prima facie it is presumed that the master has discharged his duty to the servant, and that he was not at fault. Therefore, the servant must overcome the presumption by proof of fault on the master's part, either by showing that he knew or ought to have known of the defects. The burden of proving negligence upon the part of the master is upon the servant:* Wood's Law of Master and Servant, sections 368-382;

Thompson on Negligence, p. 1053, sec. 18; 10 S. E. 669 (N. C.); 14 S. E. 432 (W. Va.); 17 Ga. App. 684; 2 Thomp. Neg., J. 996, sec. 12; *Id.*, p. 984, sec. 11, subd. 2; 46 Mo. 163; 42 Ala. 672; 34 S. C. 211; 13 S. E. Rep. 419; 40 S. C. 104; 18 S. E. Rep. 213; 81 S. E. Rep. 430 (S. C.); 87 S. E. Rep. 639 (S. C.); 17 S. E. Rep. 509; 39 S. C. 39; 21 S. C. 549.

*Mr. Jas. H. Hammond,* for respondent, submits: *That even if the presiding Judge allowed the jury to pass upon the competency of the plaintiff as a witness, he committed no error:* 12 S. C. 89; — S. C., p. —; 39 S. C. 318; 40 Cyc. 2201.

July 14, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages for personal injury.

"In her complaint, after alleging the incorporation of the defendant, and that she was employed by the defendant, the plaintiff alleged that in the course of her employment she was required to thread certain spools, which were fastened on certain spindles, and that in order to thread the same she was required to grasp said revolving spools, stop their revolutions, thread them, and then release them. She alleged that a certain spool, which she had to stop and thread, was defective, in that it fitted too tightly upon the spindle, and had a split or crack in it, about half an inch wide, and a half inch deep, and that while attempting to stop the revolutions of said spool by grasping it with her left hand, as she had been instructed to do, her finger was caught and bruised by reason of the defective condition of the spool. She alleges that the defendant was guilty of carelessness, negligence, wilfulness and wantonness in not supplying her with safe and sound implements with which to work, and in providing for her defective machinery and appliances. She also

alleges that she was damaged in the sum of $2,000, and prays judgment for that amount."

The only witness offered by the plaintiff as to the circumstances of the accident was the plaintiff herself. When the plaintiff was offered as a witness, the defendant objected to her testimony on the ground that the witness had been adjudged by the probate Court for Richland county a lunatic in 1914, and as there was no evidence that the mind of the witness had been restored, the defendant demanded that she be declared an incompetent wtness.

The record shows:

"When the plaintiff was offered as a witness, the following transpired:

"Mr. Davis: We object. We have the record showing that the plaintiff has been adjudged insane, and we offer the record, and object to her testimony as a witness. The Court: You can offer the record in evidence. The Court will permit her to testify, and let the jury say whether or not she is insane. One may be insane for the time being and regain her faculties. Mr. Hammond: Are you crazy? Mrs. Abbott: Not that I know of. Mr. Hammond: Are you sure you are not crazy? Mrs. Abbott: Not that I know of. The Court: I will allow her to testify."

A motion was made for a nonsuit, which was refused. There are five exceptions, but they make three allegations of error:

1. That the question of the competence of the witness was a question for the Court, and his Honor left it to the jury to determine that question.

The record does not bear out the claim. His Honor allowed the witness to testify. Unless the record shows to the contrary, and it does not, we must assume that his Honor decided that the witness was competent, and allowed the record of the probate Court to be introduced to affect her crediblty.

2. Does the fact that, heretofore, the witness has been adjudged a lunatic, incapacitate her as a witness?

It does not. The true rule is stated in Am. & Eng. Ency. of Law, vol. XXX, p. 934:

"But a witness is not excluded merely because he is a lunatic. He must, at the time of the examination, be so under the influence of his malady as to be deprived of that 'share of understanding which is necessary to enable him to retain in memory the events of which he has been witness, and gives him a knowledge of right and wrong;' or, as it is generally expressed, the question is as to his competency, at the time of the trial, to distinguish between right and wrong, to appreciate the nature and obligation of an oath, to remember events correctly, and to answer questions intelligently. If he fulfills these requirements, he is competent; his credibility being submitted to the jury. But he must be capable of understanding questions put on cross-examination, as well as on direct examination, since otherwise the chance for fraud would be too great."

Also, same authority, p. 935:

"*Effect of Previous Commitment to Asylum.*—It follows from the rules already laid down that the mere fact that the witness has been judicially declared insane is not a reason for excluding him, if he fulfills the requirements as to competency. And so if a conservator has been appointed, over him. But it should be borne in mind that, if the witness has been once found insane, this has the effect of casting upon the party offering him the burden of showing him to possess the necessary qualifications."

Any other rule would put these poor unfortunates at the mercy of every brute with whom they came in contact.

3. Was there evidence enough to carry the case to the jury on the question of negligence? There was.

The sufficiency of the evidence was a question for the jury.

The judgment is affirmed.